IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CORY SWINDLER, ) | C.A. No. 3:12-CV-2314-CMC |
| ) | |
| Plaintiff, ) | OPINION AND ORDER |
| ) | REMANDING MATTER |
| v. ) | |
| BEN LIPPEN SCHOOL AND COLUMBIA ) | |
| INTERNATIONAL UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for a determination whether the action should be remanded to state court in light of Plaintiff's abandonment of any federal claim and related stipulation that he will not seek relief in state court based on the factual allegations (and categories of damages) which might have supported his federal claim. For reasons set forth below, the court exercises its discretion under 28 U.S.C. § 1367(c) to remand the matter to state court.

## BACKGROUND

This matter was initially filed in state court. Despite asserting only state law claims, Plaintiff included factual allegations which gave rise to a claim under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"). Specifically, he alleged that he was terminated, at least in part, based on Defendants' intent to prevent his retirement benefits from vesting. Dkt. No. 1-1 at ¶¶ 7, 8, 11. Defendants removed asserting complete preemption under ERISA. Dkt. No. 1. Defendants, thereafter, filed a motion to dismiss the state law claims. Dkt. No. 8. Plaintiff responded, in part, by filing a motion to remand. Dkt. No. 15.

The court denied Plaintiff's motion to remand by docket text order entered October 4, 2012. Dkt. No. 20 (noting that Plaintiff's allegation that his termination was for the purpose of interfering with vesting of retirement benefits raised a claim which was subject to complete preemption under

ERISA). The following day, the court granted Defendants' motion to dismiss by docket text order which read as follows:

> Defendants' motion to dismiss is granted. To the extent Plaintiff relies on allegations that his termination was motivated by an intent to interfere with any ERISA-covered employee welfare or retirement benefit, his state law claim (breach of contract accompanied by a fraudulent act) is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). The complaint is, therefore, dismissed as to any such allegations based on preemption. To the extent Plaintiff relies on allegations that his termination was motivated by a desire to reduce some other category of expense (e.g. salary but not ERISA-covered benefits), it is insufficiently specific to support a claim. The complaint is, therefore, dismissed in full without prejudice. The court will allow Plaintiff until October 19, 2012, to file an amended complaint asserting either or both an ERISA claim or state law claim. The matter shall remain open until that date. If no complaint is filed within that time, dismissal shall be with prejudice. If Plaintiff elects to assert a state law claim, he shall state the basis of his claim with sufficient particularity to disclaim reliance on facts which would support ERISA preemption. If no federal claim is pleaded and the facts do not otherwise support ERISA preemption, the court will consider remand under 28 U.S.C. § 1367(c).

Dkt. No. 21.

Plaintiff filed an amended complaint on October 18, 2012. Dkt. No. 23. The amended complaint asserts five state law causes of action based, *inter alia*, on allegations that Plaintiff's termination was arbitrary and unreasonable. *Id.* at ¶ 12. None of the allegations in the amended complaint suggest that the alleged wrongful acts were motivated by an intent to interfere with rights protected under ERISA. In addition, Plaintiff disavows pursuit of any damages measured by benefits under an ERISA-covered plan under each of his causes of action. *Id.* at ¶¶ 17, 26, 37, 46, 51.

Upon review of the amended complaint, the court entered a docket text order which read as follows:

> In light of the limitations contained in Plaintiff's amended complaint, it appears that the complaint now fails to state (or suggest) any federal claim. Given the early stages of the proceedings, the court is inclined to exercise its discretion under the

supplemental jurisdiction statute to remand the matter to state court with the understanding that the relevant limitations in the complaint are binding on remand. The court will defer remand for at least seven days to allow any party which objects to remand to show cause why the court should not exercise its discretion to remand the matter to state court. If Plaintiff does not agree that his limitations are binding on remand, he shall file a statement indicating his position within the same period of time. Any response to this order shall be due on or before October 25, 2012.

Dkt. No. 24 (entered October 19, 2012).

Plaintiff responded by filing a stipulation which reads as follows: "The Plaintiff, by and through his undersigned counsel, hereby agrees and stipulates that the limitations in his Amended Complaint are binding in State Court and he is not making any Federal claim." Dkt. No. 26. Defendants, in turn, filed a memorandum arguing that Plaintiff should not be allowed to defeat jurisdiction by post-removal modification of his complaint. Dkt. No. 27.

## DISCUSSION

Defendants' successful motion to dismiss had the practical effect of terminating Plaintiff's original claims. Because the dismissal was without prejudice, Plaintiff had the right to replead at which point he was again the master of his own complaint. To avoid the potential for a second removal and related costs and complications, the court retained jurisdiction for a short period and required that any repleading would occur in this court. At the same time, the court gave notice that it would consider remand if the amended complaint (which might otherwise have been filed in state court as a new action) did not include any claims or allegations which would support federal jurisdiction.[1]

---

[1] Had the court simply dismissed the matter, Plaintiff could have filed a new action in state court in which he could have limited his factual allegations to preclude removal.

Through his amended complaint and subsequent stipulation, Plaintiff limited his claims such that he may not, in this court or on remand, raise any claims or rely on any factual allegations which might support a claim under ERISA. Most particularly, he may not allege that his termination or any other alleged wrongful act was for the purpose of interfering with his ERISA rights such as but not limited to interference with vesting of retirement benefits. In addition, Plaintiff has waived any right to recover damages measured by lost benefits under an ERISA-covered plan. These limitations are binding in light of his stipulation.

Defendants argue that remanding the action based on these limitations would be improper because it would allow Plaintiff to manipulate the basis for jurisdiction. *See* Dkt. No. 27 at 3 ("Plaintiff cannot change and abandon his previously-pled theory of the case, which constituted a binding admission against him, in an attempt to manipulate jurisdiction in the hope of litigating in a more favorable forum."). To some degree, Plaintiff has "manipulated" jurisdiction through his amendment. The amendments are not, however, merely manipulative. Instead, they constitute a binding disavowal of any factual allegations which would have supported an ERISA claim. This achieves the same result as if Defendants succeeded in defending the original allegations on the merits, to the extent they supported a claim under ERISA.[2]

Moreover, unlike those cases cited by Defendants which denied remand based on post-removal amendment, Plaintiff in this action had no choice but to amend given Defendants' successful motion to dismiss the original complaint in full. Defendants have not directed the court

---

[2] Plaintiff has also waived any claim for damages measured by lost ERISA benefits, regardless of the legal theory on which he might prevail. While not necessarily required, this binding waiver confirms the limited nature of Plaintiff's claims and that none, as now pleaded, is an ERISA claim masquerading as a state-law cause of action.

to any authority which would suggest that the court may not exercise its discretion under Section 1367(c) to remand under these circumstances. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) (holding district court *had discretion to remand* after plaintiffs abandoned their sole federal theory of relief).

**CONCLUSION**

For the reasons set forth above, it is clear that Plaintiff has made a binding waiver of (1) any ERISA claim which he might otherwise have pursued and (2) any recovery of damages based on lost ERISA benefits regardless of the theory of relief. Given this waiver, the early stage of these proceedings, and the fact that the amendment (and related waiver) was necessitated by a successful motion to dismiss, the court exercises its discretion under 28 U.S.C. § 1367(c) to remand the surviving state-law claims to the state court from which they were removed. Plaintiff's stipulation and waiver are binding on remand.

The court declines Defendants' suggestion that the court should award it fees under ERISA's fee-shifting provisions if remand is granted. It is, in the first instance, questionable whether ERISA's fee-shifting provisions apply where Plaintiff has never expressly asserted a claim under ERISA. In any event, the court does not find the equities favor an award of fees under the circumstances of this case.

IT IS SO ORDERED.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 30, 2012